UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**MICHAEL P. S. SCANLON,**          )
                                    )
       Petitioner,          )
                                    )
   v.                            )    Misc. No. 11-138 (RCL)
                                    )
**GREENBERG TRAURIG, LLP,**         )
                                    )
       Respondent.          )
_____)

## MEMORANDUM & ORDER

Before the Court is defendant Michael Scanlon's Motion [1] to Determine Availability of Objection. Upon consideration of the motion [1], Greenberg Traurig's opposition thereto [3], the reply [4], the government's memorandum regarding the motion [7], and the applicable law, the Court will deny the motion for the reasons set forth below.

**I.    BACKGROUND**

In November 2004, defendant pled guilty to a fraud scheme in which he and Jack Abramoff defrauded their Indian tribe clients of over $20 million. On February 11, 2011, Judge Huvelle sentenced defendant to twenty months in prison and ordered him to pay restitution to his victim clients. At the time of sentencing, all victims but the Choctaw and Sandia tribes reported that they had been fully compensated by Greenberg Traurig, LLP (GT), the law and lobbying firm at which Abramoff was employed and with which defendant had a business relationship during the conspiracy. All of the victims that GT compensated had sued or threatened civil litigation against GT for the same conduct in which defendant had engaged. In total, GT paid the

victims $17,699,000 in compensation and civil settlement for losses caused by the scheme entered into by defendant and Abramoff.

The Mandatory Victims Restitution Act (MVRA) makes restitution mandatory for certain federal offenses, "seek[ing] primarily to assure that victims of a crime receive full restitution." *Dolan v. United States*, 130 S. Ct. 2533, 2549 (2010). Section 3664(j) of the MVRA establishes two tiers of restitution claimants—first, victims are fully compensated for all losses, and then insurers and others from whom victims receive compensation are entitled to restitution. The statute provides that:

> If a victim has received compensation from insurance or *any other source* with respect to a loss, the court *shall* order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.

§ 3664(j)(1) (emphasis added). Consistent with § 3664(j), Judge Huvelle's restitution order required defendant to pay restitution in the amount of $20,191,537.31, with payment of $2,000,000 to the Choctaw and $492,537.31 to the Sandia. No. 05-cr-411, Feb. 11, 2011 [65]. The order further directed that, pursuant to § 3664(j), defendant should pay restitution to GT in the amount of $17,699,000—the total compensation it had paid to the victims.

In his pre-sentencing memorandum, however, defendant had requested an evidentiary hearing allowing him to contest GT's entitlement to restitution under § 3664(j). Defendant argued that GT was involved in the scheme for which he was convicted, and thus challenged his legal responsibility to pay restitution to GT. Accordingly, Judge Huvelle's restitution order provided for a procedure through which this Court[1] would resolve (1) whether defendant is

---

[1] Judge Huvelle has recused herself from ruling on this question because GT is represented by her former law firm, Williams & Connolly.

permitted as a matter of law to pursue a legal objection that GT is not entitled to compensation under § 3664(j) because of his claim that GT had a role in the same conduct for which he pled guilty, and (2) if so, whether defendant can establish under an appropriate legal standard that GT is not entitled to compensation under § 3664(j). The Court will address the first of these questions here.

## II. ANALYSIS

At the outset, the Court notes that the government has already represented the victims' interests in obtaining restitution, consistent with its responsibilities under § 3664(e). Outside of the victim context, this section provides that "[t]he burden of demonstrating such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires." § 3664(e). This matter involves a compensation provider's entitlement to restitution under § 3664(j). The Court appreciates the government's recommendation that GT is in the best position to represent its interests in this matter, and will order that GT be designated to do so.

### A. *Timeliness of Defendant's Motion*

GT argues that defendant's motion should be denied because it is untimely. The Court's restitution order required defendant to file his motion "on or before March 13, 2011," which fell on a Sunday. Defendant filed his motion on Monday, March 14, 2011. Under Federal Rule of Civil Procedure 6(a), a filing deadline expressed in a period of days is calculated so as not to end on a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C). GT correctly notes that this rule, by its language, applies when computing time periods and not when a filing date has been specified. Nevertheless,

> Rule 6(a) also can be used for the computation of time *in the context of a specified date*. Therefore, if the district court orders certain requests and motions to be filed by a specified date and the date is actually a Saturday, Sunday, or legal holiday,

3

> the court can extend the deadline to the next day that is not a weekend day or a legal holiday. This is consistent with the recognition that district courts should possess broad discretion in managing their calendars.

4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1162 (2010 Supp.) (emphasis added). Here, because the specified date of filing fell on a Sunday, the Court will exercise its discretion and consider defendant's motion timely.

### B. *Legal Basis for Defendant's Motion*

The question at issue here—and the threshold question that must be answered before any further proceedings—is whether a defendant ordered to pay restitution can challenge his obligation under § 3664(j) to pay any party that has compensated victims for their losses. There is no dispute that the MVRA, which focuses on ensuring that victims are fully compensated, offers little guidance on this question. As noted above, § 3664(j)(1) provides that "the court *shall* order that restitution be paid" to insurers or "any other source" from which victims have received compensation. Section 3664(e) provides for challenges "as to the proper amount or type of restitution," but defendant is not disputing the *amount* of restitution to be paid here; he is challenging GT's *entitlement* to restitution. Quite simply, the statute does not provide for exceptions to the obligation to pay restitution under § 3664(j)—and indeed, defendant does not suggest that it does so.

Well aware of the statute's silence regarding his potential objection, defendant argues that the limited exception recognized by some courts to mandatory restitution under § 3663A should apply to mandatory restitution under § 3664(j). Section § 3663A of the MVRA provides that "the court shall order . . . that the defendant make restitution to the victim of the offense." § 3663A(a)(1). Defendant cites three cases in which courts have precluded mandatory restitution to parties cast as *victims*—not compensation providers—based on findings that the claimant-victims

4

were criminally liable along with the defendant. Defendant asks this Court to apply the same reasoning to his claim that compensation provider GT was involved in the scheme for which he was convicted.

The cases cited by defendant do not support his right to the relief he requests—that is, a hearing to adjudicate GT's potential liability, convened as part of his sentencing. In two of these cases, the courts found that persons or entities were not "victims" entitled to restitution based on *previously adjudicated* facts. *See United States v. Reifler*, 446 F.3d 65 (2d Cir. 2006) (holding that the defendant's co-conspirators, who had been tried and convicted alongside the defendant for the same offense, were not entitled to restitution under the MVRA); *United States v. Martinez*, 978 F. Supp. 1442 (D.N.M. 1997) (refusing to order restitution to a robbery victim, an Indian casino, where the casino's operation had been deemed illegal through extensive litigation independent of the *Martinez* case). In the third case cited by defendant, the Second Circuit relied on *Reifler* to reject the defendant's claim that the victims of his fraud scheme were involved in the scheme and thus not entitled to restitution. *United States v. Ojeikere*, 545 F.3d 220, 222–23 (2d Cir. 2008). The issue was taken up at sentencing after trial, and there is no indication that the court held any additional proceeding to consider evidence of the victims' conduct. Defendant cites no other authority for his right to pursue an objection to GT's entitlement to restitution.

Here, the government did not seek criminal charges against GT, nor did it designate GT as an unindicted co-conspirator in defendant's case. Government's Memorandum 13, March 31, 2011 [7]. As such, there are no previously adjudicated facts regarding GT's involvement in defendant's scheme. The cases discussed above simply do not support a defendant's right to a hearing, either as part of or after sentencing, at which to challenge the conduct of an uncharged third party for the purpose of precluding that party's entitlement to restitution under § 3664(j).

The Court therefore need not determine whether these cases' limited exception to victims' restitution applies also in the context of compensation providers like GT. Given the lack of authority for the novel proceeding defendant seeks, defendant is not permitted to pursue his objection.

## III. CONCLUSION

The Court finds that defendant is not permitted as a matter of law to pursue a legal objection that Greenberg Traurig is not entitled to compensation under § 3664(j). It is hereby

ORDERED that Greenberg Traurig is designated to represent its interests in this matter; and it is furthermore

ORDERED that defendant Michael Scanlon's Motion [1] to Determine Availability of Objection is DENIED.

**SO ORDERED**.

Signed by Royce C. Lamberth, Chief Judge, on April 20, 2011.